**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CREATIVE IMPACT INC.;<br>ZURU LLC;<br>ZURU INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE 475 INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | ) | Case No.: 1:19-cv-05907 |

## COMPLAINT

Plaintiffs CREATIVE IMPACT INC., ZURU LLC, and ZURU INC. (collectively "Plaintiffs"), by their undersigned counsel, hereby complain of The 475 Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on **Schedule A** attached hereto (collectively, "Defendants"), and for their Complaint hereby allege as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. §

1331. This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, because each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiffs' trademark. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, has sold products bearing counterfeit versions of Plaintiffs' federally registered trademark to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Illinois. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright infringement in this judicial district, do substantial business in the judicial district, have registered agents in this judicial district, and reside or may be found in this district

## INTRODUCTION

3.      This action has been filed by Plaintiffs to combat online counterfeiters who trade upon Plaintiffs' reputation and goodwill by selling and/or offering for sale products in connection with the BUNCH O BALLOONS trademark, which is covered by U.S. Trademark Registration No. 4709630, and copyrights, which are covered by U.S. Copyright Office Registration No. VA 1-935-444. The Registrations are valid, subsisting, and in full force and effect. A true and correct copy of the federal trademark registration certificate for the mark, including registered assignment to Plaintiff Creative Impact Inc., is attached hereto as **Exhibit 1**. A true and correct copy of the federal copyright registration certificate for No. VA 1-935-444, for which Plaintiffs ZURU LLC and ZURU INC. own all copyrights as the exclusive licensee of Tinnus Enterprises, is attached hereto as **Exhibit 2**.

4.      The Defendants create numerous Defendant Internet Stores and design them to appear to be selling genuine Plaintiff products, while selling inferior imitations of Plaintiffs' products. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiffs are forced to file this action to combat Defendants' counterfeiting of Plaintiffs' registered trademark and copyrights, as well as to protect unknowing consumers from purchasing unauthorized BUNCH O BALLOONS products over the Internet. Plaintiffs have been and continue to be irreparably damaged through consumer confusion,

dilution, and tarnishment of their valuable trademark and copyrights as a result of Defendants' actions and seek injunctive and monetary relief.

5. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District. In addition, each Defendant has offered to sell and ship infringing products into this Judicial District.

**THE PLAINTIFF**

6. Plaintiff CREATIVE IMPACT INC. is a corporation incorporated under the law of the British Virgin Islands.

7. Plaintiff ZURU LLC is a limited liability company organized under the laws of Oregon with offices in El Segunda, California.

8. Plaintiff, ZURU INC. is a corporation incorporated under the law of the British Virgin Islands and a Hong Kong registered company with offices in Kowloon, Hong Kong.

9. Plaintiff CREATIVE IMPACT INC. is the registered owner of the BUNCH O BALLOONS trademark (U.S. Trademark Registration No. 4709630) via a recorded assignment from Tinnus Enterprises, LLC. Plaintiffs ZURU LLC and ZURU INC. are members of the ZURU Group of companies, which has grown into a diversified global enterprise (collectively "ZURU"). ZURU has earned an international reputation for quality, reliability and value and is credited for many breakthroughs that have occurred in the toy industry. ZURU is an exclusive licensee and official source of BUNCH O BALLOONS products in the United States, which include the following:



*https://www.bunchoballoons.com/products/*

10. Since July 2014, the BUNCH O BALLOONS mark is and has been the subject of substantial and continuous marketing and promotion by Plaintiffs. Plaintiffs have and continue to widely market and promote the BUNCH O BALLOONS mark in the industry and to consumers. Plaintiffs' promotional efforts include — by way of example but not limitation — substantial print media, the BUNCH O BALLOONS website and social media sites, and point of sale materials.

11. The BUNCH O BALLOONS trademark is distinctive and identifies the merchandise as goods from Plaintiffs. The registration for the BUNCH O BALLOONS trademark constitutes prima facie evidence of its validity and of Plaintiffs' exclusive right to use the BUNCH O BALLOONS trademark pursuant to 15 U.S.C. § 1057(b).

12. The BUNCH O BALLOONS trademark qualifies as a famous mark, as that term is used in 15 U.S.C. §1125 (c)(1), and has been continuously used and never abandoned.

13. Plaintiffs have expended substantial time, money, and other resources in developing, advertising and otherwise promoting the BUNCH O BALLOONS trademark. As a result, products bearing the BUNCH O BALLOONS trademark are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiffs.

14. Plaintiffs ZURU LLC and ZURU INC. own all exclusive rights, including without limitation the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the BUNCH O BALLOONS products as the exclusive licensee of Tinnus Enterprises,

including without limitation copyrights covered by U.S. Copyright Office Registration No. VA 1-935-444, as follows:

**THE DEFENDANTS**

15. Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit BUNCH O BALLOONS products to consumers within the United States, including Illinois and in this Judicial District.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

16. The success of the BUNCH O BALLOONS brand has resulted in its counterfeiting. Plaintiffs have identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer and Aliexpress, including the

Defendant Internet Stores, which were offering for sale, selling, and importing counterfeit BUNCH O BALLOONS products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2017 was over $1.2 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

17. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine BUNCH O BALLOONS products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

18. Plaintiffs have not licensed or authorized Defendants to use the BUNCH O BALLOONS trademark or copyrights, and none of the Defendants are authorized retailers of genuine BUNCH O BALLOONS products.

19.     Upon information and belief, Defendants also deceive unknowing consumers by using the BUNCH O BALLOONS trademark without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for BUNCH O BALLOONS products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine BUNCH O BALLOONS products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Plaintiffs also seek to disable Defendant Domain Names owned by Defendants that are the means by which the Defendants could continue to sell counterfeit BUNCH O BALLOONS products.

20.     Upon information and belief, Defendants also deceive unknowing consumers by using the BUNCH O BALLOONS copyrights without authorization within the product descriptions of their Defendant Internet Stores to attract customers.

21.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their

identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

22. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, the counterfeit BUNCH O BALLOONS products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the counterfeit BUNCH O BALLOONS products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

23. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that

the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

24.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

25.     Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used and continue to use the BUNCH O BALLOONS trademark and copyrights in connection with the advertisement, distribution, offering for sale, and sale of counterfeit BUNCH O BALLOONS products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois and, on information and belief, each Defendant has offered to sell counterfeit BUNCH O BALLOONS products into the United States, including Illinois.

26.     Defendants' use of the BUNCH O BALLOONS trademark and copyrights in connection with the advertising, distribution, offering for sale, and sale of counterfeit BUNCH O BALLOONS products, including the sale of counterfeit BUNCH O BALLOONS products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiffs.

**COUNT I**

**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

**[Against Defendants Designated in Schedule A]**

27. Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-26 of this Complaint.

28. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered BUNCH O BALLOONS trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The BUNCH O BALLOONS trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiffs' products provided under the BUNCH O BALLOONS trademark.

29. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the BUNCH O BALLOONS trademark without Plaintiffs' permission.

30. Plaintiff CREATIVE IMPACT INC. is the registered owner of the BUNCH O BALLOONS trademark (U.S. Trademark Registration No. 4709630), and Plaintiffs ZURU LLC and ZURU INC. are exclusive licensees and official sources of BUNCH O BALLOONS products. The United States Registration for the BUNCH O BALLOONS trademark (Exhibit 1) is in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiffs' rights in the BUNCH O BALLOONS trademark and are willfully infringing and intentionally using counterfeits of the BUNCH O BALLOONS trademark. Defendants' willful, intentional, and unauthorized use of the BUNCH O BALLOONS trademark is likely to cause and is causing

confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

31.     Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

32.     The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit BUNCH O BALLOONS products.

33.     Plaintiffs have no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their well-known BUNCH O BALLOONS trademark.

**COUNT II**

**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

**[Against Defendants Designated in Schedule A]**

34.     Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-26 of this Complaint.

35.     Defendants' promotion, marketing, offering for sale, and sale of counterfeit BUNCH O BALLOONS products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' counterfeit BUNCH O BALLOONS products by Plaintiffs.

36.     By using the BUNCH O BALLOONS trademark in connection with the sale of counterfeit BUNCH O BALLOONS products, Defendants create a false designation of origin

and a misleading representation of fact as to the origin and sponsorship of the counterfeit BUNCH O BALLOONS products.

37. Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit BUNCH O BALLOONS products to the general public under 15 U.S.C. §§ 1114, 1125.

38. Plaintiffs have no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their brand.

**COUNT III**

**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

**(815 ILCS § 510/1, et seq.)**

**[Against Defendants Designated in Schedule A]**

39. Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-26 of this Complaint.

40. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit BUNCH O BALLOONS products as those of Plaintiffs, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine BUNCH O BALLOONS products, representing that their products have Plaintiffs' approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

41. The foregoing acts of Defendants constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

42. Plaintiffs have no adequate remedy at law, and Defendants' conduct has caused Plaintiffs to suffer damage to their reputation and goodwill. Unless enjoined by the Court, Plaintiffs will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**COUNT IV**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)**

**[Against Defendants Designated in Schedule A]**

43. Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-26 of this Complaint.

44. Plaintiffs ZURU LLC and ZURU INC. own all exclusive rights, including without limitation the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the BUNCH O BALLOONS products as the exclusive licensee of Tinnus Enterprises, including without limitation copyrights covered by U.S. Copyright Office Registration No. VA 1-935-444.

45. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the BUNCH O BALLOONS copyrights without Plaintiffs' permission.

46. Defendants had access to the BUNCH O BALLOONS products incorporating Plaintiffs' registered copyrights before Defendants created their Defendant Internet Stores.

47. Upon information and belief, Defendants have directly copied Plaintiffs' copyrights for the BUNCH O BALLOONS products. Alternatively, Defendants' representations of Plaintiffs' copyrights for the BUNCH O BALLOONS products in the Defendant Internet

Stores are strikingly similar, or at the very least substantially similar, to Plaintiffs' copyrights for the BUNCH O BALLOONS products and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiffs' copyrights for the BUNCH O BALLOONS products. As just one example, Defendants deceive unknowing consumers by using the BUNCH O BALLOONS copyrights without authorization within the product descriptions of their Defendant Online Store to attract customers as follows:

Plaintiffs' U.S. Copyright Office Registration No. VA 1-935-444

Defendant Online Store selling Magic Water Balloon Self-Sealing Water Ballooon

48. Defendants' exploitation of Plaintiffs' copyrights for the BUNCH O BALLOONS products in the Defendant Internet Stores constitutes infringement of Plaintiffs' copyrights for the BUNCH O BALLOONS products.

49. On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiffs' copyrights. Each Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiffs made and distributed in the United States, including this District, caused to be made

and distributed in the United States, , including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of the infringing Defendant Online Stores. Each Defendant either knew, or should have reasonably known, that Plaintiffs' BUNCH O BALLOONS products were protected by copyright and their representations infringed on Plaintiffs' copyrights. Each Defendant continues to infringe upon Plaintiffs' rights in and to the copyrighted work.

50.     As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiffs. Accordingly, Plaintiffs seek an award of damages pursuant to 17 U.S.C. § 504.

51.     In addition to Plaintiffs' actual damages, Plaintiffs are entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

52.     In the alternative, Plaintiffs are entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

53.     Plaintiffs are entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

54.     Plaintiffs seek and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

55.     Plaintiffs have no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their well-known BUNCH O BALLOONS copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a.   using the BUNCH O BALLOONS trademark or copyrights or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BUNCH O BALLOONS product or is not authorized by Plaintiffs to be sold in connection with the BUNCH O BALLOONS trademark or copyrights;

   b.   passing off, inducing, or enabling others to sell or pass off any product as a genuine BUNCH O BALLOONS product or any other product produced by Plaintiffs that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the BUNCH O BALLOONS trademark or copyrights;

   c.   committing any acts calculated to cause consumers to believe that Defendants' counterfeit BUNCH O BALLOONS products are those sold under the

authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d.  further infringing the BUNCH O BALLOONS trademark or copyrights and damaging Plaintiffs' goodwill;

e.  otherwise competing unfairly with Plaintiffs in any manner;

f.  shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any Plaintiff trademark or copy any Plaintiff copyright, including the BUNCH O BALLOONS trademark or copyrights or any reproductions, counterfeit copies, or colorable imitations thereof;

g.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit BUNCH O BALLOONS products; and

h.  operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the BUNCH O BALLOONS trademark or copyrights or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine BUNCH O BALLOONS product or not authorized by Plaintiffs to be sold in connection with the BUNCH O BALLOONS trademark or copyrights; and

2.      That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1 above;

3.      Entry of an Order that, at Plaintiffs' choosing, the registrant of the Defendant Domain Names shall be changed from the current registrant to Plaintiffs, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection, and that the domain name registrars take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiffs' selection; or that the same domain name registries shall disable the Defendant Domain Names and make them inactive and untransferable;

4.      Entry of an Order that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities (collectively, "Alibaba"), social media platforms such as Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

a.   disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit BUNCH O BALLOONS products using the BUNCH O BALLOONS trademark or copyrights, including any accounts associated with the Defendants listed on Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit BUNCH O BALLOONS products using the BUNCH O BALLOONS trademark or copyrights; and

c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5. That Defendants account for and pay to Plaintiffs all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the BUNCH O BALLOONS trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

6. In the alternative, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the BUNCH O BALLOONS trademark and statutory damages of not less than $750 and not more than $30,000 for each and every infringement of Plaintiffs' copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

7. That Plaintiffs be awarded its reasonable attorneys' fees and costs; and

8. Award any and all other relief that this Court deems just and proper.

Dated: September 4, 2019

Respectfully submitted,
DUNLAP BENNETT & LUDWIG, PLLC
By: /s/ *Nicholas A. Kurtz*
Nicholas A. Kurtz
ARDC No. 6320053
Dunlap Bennett & Ludwig, PLLC
55 E. Monroe, Suite 3800
Chicago, IL 60603

(312) 868-0714
nkurtz@dbllawyers.com
*Counsel for Plaintiffs*
CREATIVE IMPACT INC., ZURU LLC,
and ZURU INC.

**EXHIBIT 1**



# BUNCH O BALLOONS

**Reg. No. 4,709,630**

**Registered Mar. 24, 2015**

**Int. Cl.: 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

TINNUS ENTERPRISES, LLC (TEXAS LIMITED LIABILITY COMPANY)
3429 18TH ST
PLANO, TX 75074

FOR: WATER BALLOONS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 8-30-2014; IN COMMERCE 8-30-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BALLOONS", APART FROM THE MARK AS SHOWN.

SN 86-292,103, FILED 5-27-2014.

KEVIN CORWIN, EXAMINING ATTORNEY

Michelle K. Lee

Director of the United States
Patent and Trademark Office

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

ETAS ID: TM496500

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

**CONVEYING PARTY DATA**

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Tinnus Enterprises, LLC | | 10/29/2018 | Limited Liability Company: TEXAS |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | Creative Impact Inc. |
| **Street Address:** | ROAD TOWN CENTRE |
| **Internal Address:** | P.O. BOX 957 |
| **City:** | Road Town, TORTOLA |
| **State/Country:** | VIRGINIA |
| **Postal Code:** | VG1110 |
| **Entity Type:** | Corporation: VIRGIN ISLANDS, BRITISH |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number | Word Mark |
|---|---|---|
| **Registration Number:** | 4709630 | BUNCH O BALLOONS |

**CORRESPONDENCE DATA**

**Fax Number:** 8552268791

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

**Phone:** 855-705-6414
**Email:** trademarks@dbllawyers.com
**Correspondent Name:** Alexander H. Butterman, Thomas Dunlap
**Address Line 1:** Dunlap Bennett Ludwig, PLLC
**Address Line 2:** 211 CHURCH STREET, SE
**Address Line 4:** LEESBURG, VIRGINIA 20175

| ATTORNEY DOCKET NUMBER: | 48717 |
|---|---|

**DOMESTIC REPRESENTATIVE**

**Name:** Thomas Dunlap
**Address Line 1:** Dunlap Bennett Ludwig PLLC
**Address Line 2:** 211 Church St., SE
**Address Line 4:** Leesburg, VIRGINIA 20175

| NAME OF SUBMITTER: | Alexander H. Butterman |
|---|---|

OP $40.00 4709630

| SIGNATURE: | /Alex Butterman/ |
| --- | --- |
| DATE SIGNED: | 11/01/2018 |

**Total Attachments: 5**

source=48717 Tinnus - Trademark assignment#page1.tif
source=48717 Tinnus - Trademark assignment#page2.tif
source=48717 Tinnus - Trademark assignment#page3.tif
source=48717 Tinnus - Trademark assignment#page4.tif
source=48717 Tinnus - Trademark assignment#page5.tif

# TRADEMARK ASSIGNMENT

This Trademark Assignment Agreement (this "Trademark Assignment"), dated October 29, 2018 (the "Execution Date"), is between Tinnus Enterprises LLC, a Texas company ("Seller"), and Creative Impact Inc., a British Virgin Islands company ("Buyer"). Seller and Buyer are sometimes referred to herein individually as a "Party" and collectively as the "Parties."

**WHEREAS**, Seller is the sole and exclusive owner in the applicable jurisdiction of the Trademark set forth on Schedule A attached hereto and made part hereof (collectively, the "Trademark"); and

**WHEREAS**, in connection with that certain Trademark Purchase Agreement, dated the date hereof (the "Purchase Agreement"), between Seller and Buyer, Buyer wishes to acquire from Seller, and Seller wishes to sell, transfer, convey, assign and deliver to Buyer the Purchased Trademark, together with all common law rights therein and all goodwill of the business associated with and symbolized by the Purchased Trademark.

**NOW, THEREFORE**, in consideration of the mutual benefits to be derived from this Trademark Assignment and of the representations, warranties, conditions, agreements and promises contained in the Purchase Agreement, this Trademark Assignment and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1. Defined Terms. Unless otherwise specifically provided herein, all capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Purchase Agreement.

2. Conveyance and Acceptance of Purchased Trademark. Effective as of the Execution Date, (a) Seller hereby forever and irrevocably, without reservation, sells, transfers, conveys, assigns and delivers to Buyer (and to Buyer's successors and assigns), all of Seller's right, title and interest in and to the Purchased Trademark, including all common law rights therein and all trademark registrations and registration applications for the Purchased Trademark, together with all proceeds, benefits, privileges, causes of action, and remedies relating to the Purchased Trademark, all rights to bring an action, whether at law or in equity, for past, present, or future infringement, dilution, misappropriation, misuse or other violation of the Purchased Trademarks against any third party, all rights to recover damages, profits and injunctive relief for infringement, dilution, misappropriation, misuse, or other violation of the Purchased Trademark, and all goodwill of the business associated with and symbolized by the Purchased Trademark, and (b) Buyer hereby accepts such sale, transfer, conveyance, assignment and delivery.

3. Recordation. Seller hereby authorizes Buyer to record this Trademark Assignment with the U.S. Patent and Trademark Office and all other applicable foreign trademark offices or other relevant governmental offices or authorities. All costs and expenses associated with the recording of this Trademark Assignment shall be borne solely by Buyer.

4. Further Assurances. Seller agrees, at Buyer's expense, to take such further action and to execute and deliver such additional instruments and documents as Buyer may reasonably request to carry out and fulfill the purposes and intent of this Trademark Assignment including signing all papers and documents, taking all lawful oaths and doing all acts necessary or required to be done for the procurement, maintenance, enforcement and defense of trademarks or applications of Purchased Trademark.

5.    Miscellaneous.

(a)    Governing Law. This Trademark Assignment shall be governed by and construed in accordance with the laws of the State of Texas, excluding any conflicts or choice of law rule or principle that might otherwise refer construction or interpretation of this Trademark Assignment to the substantive Law of another jurisdiction.

(b)    Amendment. This Trademark Assignment may not be modified, amended, altered or supplemented except upon the execution and delivery of a written agreement executed by both Parties.

(c)    Waiver. Any term or condition of this Trademark Assignment may be waived at any time by the Party that is entitled to the benefit thereof, but no such waiver shall be effective unless set forth in a written instrument duly executed by or on behalf of the Party waiving such term or condition. The waiver by any Party of any right hereunder or of the failure to perform or of a breach by the other Party shall not be deemed a waiver of any other right hereunder or of any other breach or failure by said other Party whether of a similar nature or otherwise.

(d)    Severability. If any provision of this Trademark Assignment is held to be illegal, invalid or unenforceable under any present or future Law, and if the rights or obligations of either Party under this Trademark Assignment will not be materially and adversely affected thereby, (i) such provision shall be fully severable; (ii) this Trademark Assignment shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part hereof; (iii) the remaining provisions of this Trademark Assignment shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance here from and (iv) in lieu of such illegal, invalid or unenforceable provision, there shall be added automatically as a part of this Trademark Assignment a legal, valid and enforceable provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and reasonably acceptable to the Parties.

(e)    Counterparts. This Trademark Assignment may be executed in any number of counterparts, and each such counterpart hereof shall be deemed to be an original instrument, but all such counterparts together shall constitute but one agreement. Delivery of an executed counterpart of a signature page of this Trademark Assignment by facsimile or other electronic transmission shall be effective as delivery of a manually executed original counterpart of this Trademark Assignment.

[signature page follows]

IN WITNESS WHEREOF, the undersigned have duly executed this Trademark Assignment, as of the date first above written.

TINNUS ENTERPRISES LLC

BY: ______________________________

Name: Josh Malone

Title: President

CREATIVE IMPACT INC.

By: ______________________________

Name:

Title:

IN WITNESS WHEREOF, the undersigned have duly executed this Trademark Assignment, as of the date first above written.

TINNUS ENTERPRISES LLC

BY: ______________________

Name:

Title:

CREATIVE IMPACT INC.

By: ______________________

Name: Anna Mowbray

Title: COO

# SCHEDULE A

## PURCHASED TRADEMARKS

### Registered Trademarks

| Description | Country | App No./ Registration No. | Filing Date | Registration Date | Class |
|---|---|---|---|---|---|
| BUNCH O BALLOONS | USA | 4709630 | 06/27/2014 | 03/24/2015 | IC 028; US 22,23,38,50 |

**EXHIBIT 2**

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Maria A. Pallante

Register of Copyrights, United States of America

**Registration Number**

VA 1-935-444

**Effective date of registration:**

December 18, 2014

## Title

**Title of Work:** Bunch O Balloons

## Completion/Publication

**Year of Completion:** 2014

**Date of 1st Publication:** August 29, 2014 **Nation of 1st Publication:** United States

## Author

- **Author:** Joshua Malone

**Author Created:** sculpture

**Citizen of:** United States **Domiciled in:** United States

**Year Born:** 1973

## Copyright claimant

**Copyright Claimant:** Tinnus Enterprises

3429 18th St, Plano, TX, 75074, United States

**Transfer Statement:** By written agreement

## Rights and Permissions

**Organization Name:** Tinnus Enterprises

**Email:** info@tinnus.com

**Address:** 3429 18th St

Plano, TX 75074 United States

## Certification

**Name:** Joshua Malone

**Date:** December 18, 2014

8.25 inches

Front View

Top View

Bottom View

Title: Bunch O Balloons

Variation 1

**SCHEDULE A TO COMPLAINT – *PROVISIONALLY FILED UNDER SEAL***

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 1 | | | ® |
| 2 | | | ® |
| 3 | | | ® © |
| 4 | | | ® © |
| 5 | | | © |
| 6 | | | ® © |
| 7 | | | ® © |
| 8 | | | ® © |
| 9 | | | ® © |
| 10 | | | ® © |
| 11 | | | ® © |
| 12 | | | ® © |
| 13 | | | ® © |
| 14 | | | ® © |
| 15 | | | ® © |
| 16 | | | ® © |
| 17 | | | ® © |
| 18 | | | ® © |
| 19 | | | ® © |
| 20 | | | ® © |
| 21 | | | ® © |
| 22 | | | ® © |
| 23 | | | ® © |
| 24 | | | ® © |
| 25 | | | ® © |
| 26 | | | ® © |
| 27 | | | ® © |
| 28 | | | ® © |
| 29 | | | ® © |
| 30 | | | ® © |
| 31 | | | ® © |
| 32 | | | ® © |
| 33 | | | ® © |
| 34 | | | ® © |
| 35 | | | ® © |
| 36 | | | ® © |
| 37 | | | ® © |
| 38 | | | ® © |
| 39 | | | ® © |
| 40 | | | ® © |
| 41 | | | ® © |
| 42 | | | ® © |

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 43 | | | ® © |
| 44 | | | ® © |
| 45 | | | ® © |
| 46 | | | ® © |
| 47 | | | ® © |
| 48 | | | ® © |
| 49 | | | ® © |
| 50 | | | ® © |
| 51 | | | ® © |
| 52 | | | ® © |
| 53 | | | ® © |
| 54 | | | ® © |
| 55 | | | ® © |
| 56 | | | ® © |
| 57 | | | ® © |
| 58 | | | ® © |
| 59 | | | ® © |
| 60 | | | ® © |
| 61 | | | ® |
| 62 | | | ® |
| 63 | | | ® |
| 64 | | | ® |
| 65 | | | ® |
| 66 | | | ® |
| 67 | | | © |
| 68 | | | © |
| 69 | | | © |
| 70 | | | © |
| 71 | | | © |
| 72 | | | © |
| 73 | | | © |
| 74 | | | © |
| 75 | | | © |
| 76 | | | © |
| 77 | | | © |
| 78 | | | © |
| 79 | | | © |
| 80 | | | © |
| 81 | | | © |
| 82 | | | © |
| 83 | | | © |
| 84 | | | © |
| 85 | | | © |
| 86 | | | © |

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 87 | | | © |
| 88 | | | © |
| 89 | | | © |
| 90 | | | © |
| 91 | | | © |
| 92 | | | © |
| 93 | | | © |
| 94 | | | © |
| 95 | | | © |
| 96 | | | © |
| 97 | | | © |
| 98 | | | © |
| 99 | | | © |
| 100 | | | © |
| 101 | | | © |
| 102 | | | © |
| 103 | | | © |
| 104 | | | © |
| 105 | | | © |
| 106 | | | © |
| 107 | | | © |
| 108 | | | © |
| 109 | | | © |
| 110 | | | © |
| 111 | | | © |
| 112 | | | © |
| 113 | | | © |
| 114 | | | © |
| 115 | | | © |
| 116 | | | © |
| 117 | | | © |
| 118 | | | © |
| 119 | | | © |
| 120 | | | © |
| 121 | | | © |
| 122 | | | © |
| 123 | | | © |
| 124 | | | © |
| 125 | | | © |
| 126 | | | © |
| 127 | | | © |
| 128 | | | © |
| 129 | | | © |
| 130 | | | © |

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 131 | | | © |
| 132 | | | © |
| 133 | | | © |
| 134 | | | © |
| 135 | | | © |
| 136 | | | © |
| 137 | | | © |
| 138 | | | © |
| 139 | | | © |
| 140 | | | © |
| 141 | | | © |
| 142 | | | © |
| 143 | | | © |
| 144 | | | © |
| 145 | | | © |
| 146 | | | © |
| 147 | | | © |
| 148 | | | © |
| 149 | | | © |
| 150 | | | © |
| 151 | | | © |
| 152 | | | © |
| 153 | | | © |
| 154 | | | © |
| 155 | | | © |
| 156 | | | © |
| 157 | | | © |
| 158 | | | © |
| 159 | | | © |
| 160 | | | © |
| 161 | | | © |
| 162 | | | © |
| 163 | | | © |
| 164 | | | © |
| 165 | | | © |
| 166 | | | © |
| 167 | | | © |
| 168 | | | © |
| 169 | | | © |
| 170 | | | © |
| 171 | | | © |
| 172 | | | © |
| 173 | | | © |
| 174 | | | © |

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 175 | | | © |
| 176 | | | © |
| 177 | | | © |
| 178 | | | © |
| 179 | | | © |
| 180 | | | © |
| 181 | | | © |
| 182 | | | © |
| 183 | | | © |
| 184 | | | © |
| 185 | | | © |
| 186 | | | © |
| 187 | | | © |
| 188 | | | © |
| 189 | | | © |
| 190 | | | © |
| 191 | | | © |
| 192 | | | © |
| 193 | | | © |
| 194 | | | © |
| 195 | | | © |
| 196 | | | © |
| 197 | | | © |
| 198 | | | © |
| 199 | | | © |
| 200 | | | © |
| 201 | | | © |
| 202 | | | © |
| 203 | | | © |
| 204 | | | © |
| 205 | | | © |
| 206 | | | © |
| 207 | | | © |
| 208 | | | © |
| 209 | | | © |
| 210 | | | © |
| 211 | | | © |
| 212 | | | © |
| 213 | | | © |
| 214 | | | © |
| 215 | | | © |
| 216 | | | © |
| 217 | | | © |
| 218 | | | © |

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 219 | | | © |
| 220 | | | © |
| 221 | | | © |
| 222 | | | © |
| 223 | | | © |
| 224 | | | © |
| 225 | | | © |
| 226 | | | © |
| 227 | | | © |
| 228 | | | © |
| 229 | | | © |
| 230 | | | © |
| 231 | | | © |
| 232 | | | © |
| 233 | | | © |
| 234 | | | © |
| 235 | | | © |
| 236 | | | © |
| 237 | | | © |
| 238 | | | © |
| 239 | | | © |
| 240 | | | © |
| 241 | | | © |
| 242 | | | © |
| 243 | | | © |
| 244 | | | © |
| 245 | | | © |
| 246 | | | © |
| 247 | | | © |
| 248 | | | © |
| 249 | | | © |
| 250 | | | © |
| 251 | | | © |
| 252 | | | © |
| 253 | | | © |
| 254 | | | © |
| 255 | | | © |
| 256 | | | © |
| 257 | | | © |
| 258 | | | © |
| 259 | | | © |
| 260 | | | © |
| 261 | | | © |
| 262 | | | © |

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 263 | | | © |
| 264 | | | © |
| 265 | | | © |
| 266 | | | © |
| 267 | | | © |
| 268 | | | © |
| 269 | | | © |
| 270 | | | © |
| 271 | | | © |
| 272 | | | © |
| 273 | | | © |
| 274 | | | © |
| 275 | | | © |
| 276 | | | © |
| 277 | | | © |
| 278 | | | © |
| 279 | | | © |
| 280 | | | © |
| 281 | | | © |
| 282 | | | © |
| 283 | | | © |
| 284 | | | © |
| 285 | | | © |
| 286 | | | © |
| 287 | | | © |
| 288 | | | © |
| 289 | | | © |
| 290 | | | © |
| 291 | | | © |
| 292 | | | © |
| 293 | | | © |
| 294 | | | © |
| 295 | | | © |
| 296 | | | © |
| 297 | | | © |
| 298 | | | © |
| 299 | | | © |
| 300 | | | © |
| 301 | | | © |
| 302 | | | © |
| 303 | | | © |
| 304 | | | © |
| 305 | | | © |
| 306 | | | © |

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 307 | | | © |
| 308 | | | © |
| 309 | | | © |
| 310 | | | © |
| 311 | | | © |
| 312 | | | © |
| 313 | | | © |
| 314 | | | © |
| 315 | | | © |
| 316 | | | © |
| 317 | | | © |
| 318 | | | © |
| 319 | | | © |
| 320 | | | © |
| 321 | | | © |
| 322 | | | © |
| 323 | | | © |
| 324 | | | © |
| 325 | | | © |
| 326 | | | © |
| 327 | | | © |
| 328 | | | © |
| 329 | | | © |
| 330 | | | © |
| 331 | | | © |
| 332 | | | © |
| 333 | | | © |
| 334 | | | © |
| 335 | | | © |
| 336 | | | © |
| 337 | | | © |
| 338 | | | © |
| 339 | | | © |
| 340 | | | © |
| 341 | | | © |
| 342 | | | © |
| 343 | | | © |
| 344 | | | © |
| 345 | | | © |
| 346 | | | © |
| 347 | | | © |
| 348 | | | © |
| 349 | | | © |
| 350 | | | © |

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 351 | | | © |
| 352 | | | © |
| 353 | | | © |
| 354 | | | © |
| 355 | | | © |
| 356 | | | © |
| 357 | | | © |
| 358 | | | © |
| 359 | | | © |
| 360 | | | © |
| 361 | | | © |
| 362 | | | © |
| 363 | | | © |
| 364 | | | © |
| 365 | | | © |
| 366 | | | © |
| 367 | | | © |
| 368 | | | © |
| 369 | | | © |
| 370 | | | © |
| 371 | | | © |
| 372 | | | © |
| 373 | | | © |
| 374 | | | © |
| 375 | | | © |
| 376 | | | © |
| 377 | | | © |
| 378 | | | © |
| 379 | | | © |
| 380 | | | © |
| 381 | | | © |
| 382 | | | © |
| 383 | | | © |
| 384 | | | © |
| 385 | | | © |
| 386 | | | © |
| 387 | | | © |
| 388 | | | © |
| 389 | | | © |
| 390 | | | © |
| 391 | | | © |
| 392 | | | © |
| 393 | | | © |
| 394 | | | © |

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 395 | | | © |
| 396 | | | © |
| 397 | | | © |
| 398 | | | © |
| 399 | | | © |
| 400 | | | © |
| 401 | | | © |
| 402 | | | © |
| 403 | | | © |
| 404 | | | © |
| 405 | | | © |
| 406 | | | © |
| 407 | | | © |
| 408 | | | © |
| 409 | | | © |
| 410 | | | © |
| 411 | | | © |
| 412 | | | © |
| 413 | | | © |
| 414 | | | © |
| 415 | | | © |
| 416 | | | © |
| 417 | | | © |
| 418 | | | © |
| 419 | | | © |
| 420 | | | © |
| 421 | | | © |
| 422 | | | © |
| 423 | | | © |
| 424 | | | © |
| 425 | | | © |
| 426 | | | © |
| 427 | | | © |
| 428 | | | © |
| 429 | | | © |
| 430 | | | © |
| 431 | | | © |
| 432 | | | © |
| 433 | | | © |
| 434 | | | © |
| 435 | | | © |
| 436 | | | © |
| 437 | | | © |
| 438 | | | © |

| No. | Seller Names | Defendant Online Marketplace | ® / © |
|---|---|---|---|
| 439 | | | © |
| 440 | | | © |
| 441 | | | © |
| 442 | | | © |
| 443 | | | © |
| 444 | | | © |
| 445 | | | © |
| 446 | | | © |
| 447 | | | © |
| 448 | | | © |
| 449 | | | © |
| 450 | | | © |
| 451 | | | © |
| 452 | | | © |
| 453 | | | © |
| 454 | | | © |
| 455 | | | © |
| 456 | | | © |
| 457 | | | © |
| 458 | | | © |
| 459 | | | © |
| 460 | | | © |
| 461 | | | © |
| 462 | | | © |
| 463 | | | © |
| 464 | | | © |
| 465 | | | © |
| 466 | | | © |
| 467 | | | © |
| 468 | | | © |
| 469 | | | © |
| 470 | | | © |
| 471 | | | © |
| 472 | | | © |
| 473 | | | © |
| 474 | | | © |
| 475 | | | © |